NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALINA MALKIN, | No. 19-55277 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00528-JEM |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John E. McDermott, Magistrate Judge, Presiding

Argued and Submitted July 8, 2020
Honolulu, Hawaii

Before: OWENS, FRIEDLAND, and R. NELSON, Circuit Judges.

Dissent by Judge R. NELSON

Alina Malkin appeals the district court's judgment affirming the decision of

the Administrative Law Judge ("ALJ"), which denied Malkin's application for

Social Security disability insurance benefits after concluding at the second step of

the five-step process for evaluating such applications that Malkin did not have any

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

"severe" impairments.  20 C.F.R. § 404.1520(a)(4)(ii).  We reverse and remand.

**1.**  The ALJ failed to provide "specific, clear and convincing reasons" for discrediting Malkin's testimony that she suffers from significant anxiety and occasional panic attacks.  *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).[1]

First, although Dr. Bavarsky's treatment notes reflect some improvement in Malkin's condition, they also indicate that Malkin continued to struggle with significant anxiety and occasional panic attacks.  The ALJ erred by "pick[ing] out a few isolated instances of improvement" and "treat[ing] them as a basis for" discounting Malkin's symptom testimony.  *Id.* at 1017.  For instance, the ALJ highlighted a note by Dr. Bavarsky stating, "[f]eels confident and has good enough skills to manage anxiety"—but failed to mention that in the following months, Dr. Bavarsky's notes contain statements such as "[h]igh anxiety present," and "much

---

[1] The dissent contends that our analysis applies the wrong standard of review.  To the contrary, our existing precedents make clear that, after determining whether the ALJ's factual findings are supported by substantial evidence, we should then take the additional step of asking whether those facts give rise to "clear and convincing" reasons for discrediting the claimant's symptom testimony.  *See, e.g.*, *Burrell v. Colvin*, 775 F.3d 1133, 1139-40 (9th Cir. 2014) (explaining that, even if "substantial evidence arguably support[ed] the ALJ's finding," that finding was too "weak" of a reason to be a clear and convincing reason); *Garrison*, 759 F.3d at 1016 (inquiring whether the facts about the claimant's daily activities were inconsistent with the claimant's testimony, and holding that "the supposed inconsistencies . . . [did] not satisfy the requirement of a clear, convincing, and specific reason to discredit [the claimant's] testimony").

anxiety, debilitating."[2]

Second, the ALJ erred by relying on Malkin's failure to seek psychiatric treatment as recommended by Dr. Bavarsky. Although an ALJ may discount testimony because of an "unexplained or inadequately explained failure to seek treatment" that suggests the claimant's symptoms are not as severe as alleged, *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen*, 80 F.3d at 1284), "we do not punish the mentally ill" for their failure to seek treatment "when the record affords compelling reason to view such departure[] . . . as part of [a claimant's] underlying mental afflictions," *Garrison*, 759 F.3d at 1018 n.24. The record in this case provides reason to think that Malkin's departure from Dr. Bavarsky's recommendation was attributable to Malkin's anxiety—which made her afraid of taking new medications, being in unfamiliar places, and driving on freeways.

Third, Malkin's daily activities did not contradict her symptom testimony and thus did not provide a clear and convincing reason for discrediting it. The record reflects that Malkin took care of her children with the help of family

---

[2] The ALJ also emphasized that Malkin "uses maintenance medications" and "has weekly psychotherapy." Although "[i]mpairments that can be controlled effectively with medication are not disabling," *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006), Dr. Bavarsky's treatment notes indicate that Malkin's symptoms were not sufficiently "controlled" to the point where they were non-severe, *see* 20 C.F.R. § 404.1520(a)(4)(ii).

members; that she was accompanied by a family member when she went grocery shopping; that she tried to prepare quick meals in case she started feeling unwell; that she was afraid to socialize; and that she could not drive at night or on freeways. *Cf. Ghanim v. Colvin*, 763 F.3d 1154, 1158, 1165 (9th Cir. 2014) (holding that an ALJ erred by finding non-credible the claimant's testimony that he suffered from depression and anxiety based on his limited daily activities, such as "completing basic chores, sometimes with the help of a friend"). Malkin's general statement that she was able to "take care of all of her family needs" does not undercut the more specific details she reported about only being able to care for her family with help from others.[3]

Fourth, the ALJ's reliance on the consultative psychiatric examiner's 2015 evaluation, which concluded that Malkin's "mental status examination was within normal limits," was misplaced. Although "a consensus of medical opinion" that Malkin had only non-severe impairments could help provide a basis for discrediting her subjective symptom testimony, the 2015 evaluation is contradicted

---

[3] In discounting Malkin's allegations about her symptoms, the ALJ also relied on several aspects of the testimony Malkin gave at a hearing, which the ALJ deemed problematic. Specifically, the ALJ pointed to Malkin's testimony about who serves as the primary caregiver of her young child, about why she stopped working, and about Dr. Kaplan's advising her to take time off work. The Government's brief does not attempt to defend these parts of the ALJ's reasoning, so we do not address them here.

by Dr. Bavarsky's opinions and therefore "does not support the ALJ's credibility finding." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1037 (9th Cir. 2007). The ALJ also noted that the 2015 evaluation reported that Malkin "made good eye contact and good interpersonal contact, and [that] her memory and concentration were intact." But this aspect of the 2015 evaluation is largely beside the point—Malkin testified that anxiety and panic attacks, "not any cognitive impairments[,] caused [her] difficulty." *Ghanim*, 763 F.3d at 1164.[4]

**2.** We hold that the ALJ also erred by failing to provide "specific and legitimate reasons supported by substantial evidence in the record" for discounting Dr. Bavarsky's 2014 opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (quotation marks omitted). The ALJ explained that the 2014 opinion was "at odds

---

[4] Although the ALJ erred in discrediting Malkin's testimony that she suffers from significant anxiety and occasional panic attacks, the ALJ did not err in discounting Malkin's testimony about how frequently her panic attacks occur. Malkin testified that she suffers from multiple panic attacks each week. But Dr. Bavarsky's treatment notes reflect that Malkin made sustained improvement in preventing her anxiety from escalating into panic attacks. *See Garrison*, 759 F.3d at 1018 (holding that "a course of improvement" can be a clear and convincing reason for discounting symptom testimony if "data points . . . *in fact* constitute examples of a broader development"). For example, the notes capture Malkin reporting that she "manage[d] to not escalate to panic"; that she experienced "[s]ome anxiety" but could "cope[] without fully blown panic"; and that her "coping skills [were] much improved." Moreover, the notes from 2014 to 2016 contain only a handful of references to Malkin suffering panic attacks. And even assuming that each of Malkin's ER visits was the product of a panic attack, Malkin's ER visits occurred less often than the frequency at which she alleged her panic attacks happened.

with the treatment records." But Dr. Bavarsky's treatment notes reflect that Malkin struggled with significant anxiety and panic attacks—which is wholly consistent with the 2014 opinion's conclusion that Malkin had "decreased capacity" to work. The ALJ also concluded that the 2014 opinion merely "reflect[s] [Malkin's] subjective reports," but that conclusion is not supported by substantial evidence. *Cf. Ghanim*, 763 F.3d at 1162. In addition to mentioning Malkin's self-reports, the 2014 opinion "discuss[es] [Dr. Bavarsky's] observations, diagnoses, and prescriptions," *id.*—such as Dr. Bavarsky's observations about what triggered Malkin's panic symptoms, and Dr. Bavarsky's diagnosis of panic disorder.

By contrast, the ALJ's discounting of Dr. Bavarsky's 2016 opinion was not erroneous. "If a treating provider's opinions are based 'to a large extent' on an applicant's self-reports . . . , and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion." *Id.* (quoting *Tommasetti*, 533 F.3d at 1041). Substantial evidence supports the ALJ's conclusion that the 2016 opinion relied heavily on Malkin's self-reports. From September 10, 2015 to June 9, 2016, Malkin did not have any sessions with Dr. Bavarsky. Given that Dr. Bavarsky's June 22, 2016 opinion apparently could not have been based on her sustained observation of Malkin in the months preceding the opinion, it was reasonable for the ALJ to conclude that the opinion was largely based on Malkin's

6

self-reports. Because the ALJ also properly determined that Malkin's testimony about the frequency of her panic attacks was non-credible, *see supra* note 4, the ALJ could discount the 2016 opinion, *see Ghanim*, 763 F.3d at 1162.

**3.** We hold that the ALJ's determination that Malkin did not have any "severe" impairments for a continuous period of at least twelve months is not supported by substantial evidence. *See* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). Malkin's alleged onset date is January 27, 2012. Between then and December 1, 2012, Malkin was treated by Dr. Kaplan, whose records reflect that Malkin struggled with significant mental illness. Dr. Kaplan assigned Malkin a Global Assessment of Function score of 50, which "describes serious symptoms or any serious impairment in social, occupational, or school functioning." *Garrison*, 759 F.3d at 1002 n.4 (quotation marks omitted). Nothing in Dr. Kaplan's treatment records indicates that Malkin made meaningful improvements after being assigned that score. In April 2013, Malkin started seeing Dr. Bavarsky, who concluded in her 2014 opinion that Malkin had "decreased capacity" to work. Even though the 2015 examination reached a different conclusion—that Malkin had only mild impairments—that does not undercut the 2012 to 2014 evidence of Malkin having severe impairments. Based on the record as a whole, we think that "[t]he ALJ should have continued the sequential analysis beyond step two because there was not substantial evidence to show that [Malkin's] claim was 'groundless.'" *Webb v.*

*Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005) (quoting *Smolen*, 80 F.3d at 1290).

Each party shall bear its own costs on appeal.

**REVERSED AND REMANDED.**

*Malkin v. Saul*, 19-55277

R. NELSON, Circuit Judge, dissenting:

Because the majority misapplies the relevant standard of review and inappropriately substitutes its interpretation of the factual record for that of the ALJ, I dissent.

The authority to render decisions based on clear and convincing reasons is vested solely in the Commissioner, and a reviewing court must uphold that decision if supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, *if supported by substantial evidence, shall be conclusive . . . .*") (emphasis added); *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005) ("We may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.") (citation omitted). The substantial evidence standard is not an invitation to override the agency's factual conclusions, but rather it requires the reviewing court to "look[] to an existing administrative record and ask[] whether it contains sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks omitted). This threshold is "not high" and must be just "more than a mere scintilla." *Id.* (citation omitted). "It means—*and means only*—such relevant evidence as a reasonable

1

mind might accept as adequate to support a conclusion." *Id.* (emphasis added) (internal quotation marks omitted) (citation omitted).

Instead of considering whether substantial evidence supports the ALJ's factual findings, the majority substitutes its own judgment for that of the ALJ as to which findings to give weight to, as well as whether the ALJ correctly determined that "clear and convincing reasons" supported those decisions. By doing this, the majority places itself in the role of the ALJ and applies the same standard the ALJ would use to reach conclusions, when it should be reviewing the ALJ's decision from the perspective of a reviewing court using the substantial evidence standard.

The cases the majority relies on for sidestepping the substantial evidence standard are inapposite. In *Burrell v. Colvin*, 775 F.3d 1133, 1139-40 (9th Cir. 2014), we found that where "the ALJ's other reasons . . . are not supported by substantial evidence," a separate "weak" reason was not clear and convincing. But here, substantial evidence, in my view, supports the ALJ's conclusions. And in *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014), we found no evidence to support one ALJ reason and no inconsistencies in the record (as claimed by the ALJ) to support the other ALJ reason. In that situation, it was reasonable to hold that the requirement of "a clear, convincing, and specific reason" was not satisfied. *Id.* But here, as even the majority recognizes, substantial evidence supports some of the reasons the ALJ provided for its factual determinations. Yet the majority

2

rejects those supported reasons based on other conflicting evidence that it independently credits over the ALJ's determinations. That, in my view, is inconsistent with our precedent.

Because I would apply the substantial evidence standard in reviewing the ALJ's factual determinations, I would conclude, as the district court did, that there was a sufficient basis for the ALJ's decision to deny Malkin's application for Social Security benefits.